SEYBOLD v SEYBOLD

Docket No. 49296. Submitted June 6, 1980, at Grand Rapids.—Decided July 23, 1980.

Janet Seybold obtained an order in Barry Circuit Court for payment of support from Arthur Seybold. Subsequently, Arthur Seybold brought an action for divorce in Kent Circuit Court. The Barry Circuit Court found him in contempt for failure to pay support. The Kent Circuit Court then entered a judgment of divorce in which any support arrearages were set aside. Arthur Seybold then filed a motion in Barry Circuit Court for dismissal of the support action and of the contempt order. The court, Hudson E. Deming, J., denied the motion and held that the arrearages accumulated prior to the date of the judgment of divorce were still owing and that the support order was enforceable. Arthur Seybold appeals. *Held:*

Under the language of the Family Support Act a prior support order becomes void upon the effective date of a judgment of divorce, but the support order does not become void *ab initio.* The arrearage which was accrued prior to the date of the divorce judgment remains a valid obligation and the support order may be enforced by contempt proceedings. The Barry County action is not otherwise affected by the Kent County judgment.

Affirmed.

DIVORCE — SUPPORT ORDERS — ARREARAGES — STATUTES.

An order directing a father to pay support to his wife and minor children who live separate from the father becomes void upon the effective date of a judgment of divorce entered between the parties; however, any arrearage which was accrued under the support order prior to the date of the divorce judgment remains a valid obligation of the father and the support order may be enforced by contempt proceedings (MCL 552.454, 552.455; MSA 25.222[4], 25.222[5]).

*Robert C. Engels,* Prosecuting Attorney, and

REFERENCE FOR POINTS IN HEADNOTE
[1] 24 Am Jur 2d, Divorce and Separation §§ 708 *et seq., 862, 868.*

*Dale A. Crowley,* Assistant Prosecuting Attorney, for plaintiff.

*Van Hattum, Hickman & Harrison, P.C.,* for defendant.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. Defendant appeals from a decision of the circuit court denying his motion to set aside support arrearages and a contempt citation that was issued against him for the arrearages. On appeal a stipulated statement of facts has been submitted which provides as follows:

"1. On or about July 19, 1977, the Circuit Court for the County of Barry entered a modified order for support and alimony in the amount of $30.00 per week in Case #B76-230-DS.

"2. On or about May 11, 1978, the defendant-appellant filed a complaint for divorce in the Circuit Court for the County of Kent against the plaintiff-appellee, in Case #78-35026-DM.

"3. In said divorce proceedings in Kent County, the defendant-appellant, Arthur Seybold, disputed the paternity of the youngest child of the parties.

"4. On or about December 2, 1979, the Circuit Court for the County of Barry found the defendant-appellant guilty of contempt for failure to pay support and sentenced him to pay $500.00 or serve six months in the Barry County Jail.

"5. The defendant-appellant does not have the resources to pay $500.00 and therefore has been incarcerated since December 2, 1979.

"6. On or about December 28, 1979, a Judgment of Divorce was entered by the Circuit Court for the County of Kent, Judge Woodrow A. Yared. Said Judgment of Divorce provided, in part, as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*" 'SUPPORT ARREARAGES*

" 'IT IS FURTHER ORDERED AND ADJUGED that any support arrearages are hereby set aside and held for naught, in consideration of the plaintiff's withdrawing his claim of non-paternity of the parties' youngest child.'

A copy of said Judgment of Divorce was attached to defendant-appellant's Exparte Application for Emergency Appeal.

"7. On January 2, 1980, the defendant-appellant moved the Circuit Court for the County of Barry to dismiss the within cause on the basis of MCL 952.455, claiming that the Judgment of Divorce as above set forth makes the prior order of support null and void and therefore unenforceable.

"8. Said motion was heard by the consent of the parties and the Court on January 4, 1980, and the Circuit Court for the County of Barry denied the motion holding that although no additional support could be accumulated under said prior order of support entered by the Circuit Court of the County of Barry, that any support arrearages existing up until December 28, 1979, could continue to be enforced."

Section 1 of the Family Support Act, MCL 552.451; MSA 25.222(1), provides that a married woman with minor children who lives separate from the father of the children may seek an order directing the father to support her and the children. The act further provides that the order becomes null and void if a judgment of divorce is entered between the parties. MCL 552.455; MSA 25.222(5). Under the language of the statute, the support order becomes void "upon the effective date of the judgment".

The statute does not provide that the support order is void *ab initio.* Any arrearage which was accrued under the support order prior to the effective date of the divorce judgment remains a valid

obligation of the defendant and the support order can be enforced by contempt proceedings.

Defendant's claim that the Kent County judgment decided the question of arrearage and that the Barry County action is barred by res judicata is without merit. The Barry County court order preceded the judgment of the Kent County court and the Kent County action was not decided on the merits. Plaintiff's subsequent waiver of her right to the arrearages in the Kent County action does not affect the Barry County court's prior order of contempt or the right of the department of social services to collect the arrearages as provided by MCL 552.454; MSA 25.222(4).

Affirmed.