*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE YVETTE MIER,

Plaintiff-Appellee,

v

MICHAEL DAVID MIER,

Defendant-Appellant.

UNPUBLISHED
February 09, 2026
10:25 AM

No. 376295
Bay Circuit Court
LC No. 20-007113-DS

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right the Bay Circuit Court's order denying his motion regarding child custody/parenting time, which followed an ex parte order to close the child support case for a lack of subject-matter jurisdiction because a judgment of divorce was entered in Gladwin County. We affirm.

## I. BACKGROUND

The parties were married in 2018. Defendant was incarcerated and awaiting trial on felony charges one year after the parties were married. Several months after defendant was initially incarcerated, plaintiff gave birth to the only child resulting from the marriage. In March 2020, plaintiff filed a complaint for child support under the Family Support Act, MCL 552.451 *et seq*. In September 2020, the Bay Circuit Court ordered defendant to pay monthly child support beginning 60 days after his release from incarceration.[1] In a judgment of support entered that same day, the court also awarded sole legal and physical custody of the child to plaintiff and reserved the issue of parenting time. That judgment resolved "the last pending claim and close[d] the case except for the obligations contained in it," but the court retained "jurisdiction for enforcement and modification of this order to the extent allowed by law."

---

[1] Defendant's earliest release date from prison is in 2067.

In May 2022, defendant filed for divorce in the Gladwin Circuit Court, which issued a judgment of divorce awarding plaintiff sole legal and physical custody of the child. Because of his incarceration, defendant received no parenting time, and no child support was ordered. In the judgment of divorce the Gladwin Circuit Court "retain[ed] jurisdiction of this matter to enforce all the terms of this judgment of divorce."

Three years later, defendant filed a motion in Bay Circuit Court, requesting monthly parenting time sessions and a weekly phone call with the child. Upon motion by the Friend of the Court, the Bay Circuit Court entered an ex parte order closing the child support case because of the Gladwin judgment of divorce. As a result of that order, the Bay Circuit Court denied defendant's motion regarding custody because the child support case was closed and it no longer had jurisdiction to modify custody, parenting time, or child support. The Bay Circuit Court directed defendant to file his motions in the "ongoing domestic relations case" in Gladwin Circuit Court.

Defendant now appeals from the order denying his motion regarding custody. Defendant also moved this Court to expand the record on appeal, which we granted. *Mier v Mier*, unpublished order of the Court of Appeals, entered January 26, 2026 (Docket No. 376295).[2]

## II. ANALYSIS

The primary issue is whether the Bay Circuit Court lost its jurisdiction to resolve the parties' custody dispute under the family support act after entry of the judgment of divorce in Gladwin Circuit Court. We review this issue de novo. *Mol v Mol*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 370949 and 371184); slip op at 3.

"A fundamental question every court must ask itself is whether it has jurisdiction to hear the cases before it." *Mol*, ___ Mich App at ___; slip op at 4. "Jurisdiction has two parts—subject matter and personal. Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it. Personal jurisdiction is a court's authority to make decisions which affect the parties' rights and liabilities." *Id.* (quotation marks and citation omitted). MCL 552.455 governs the modification of orders entered under the Family Support Act, and the effect a subsequent judgment of divorce has on those prior orders:

> An order entered under [MCL 552.452] may be modified by the court upon proper application to the court and due notice to the opposite party. *If a judgment*

---

[2] The expanded record includes an August 2025 Gladwin Circuit Court opinion and order denying defendant's motion regarding parenting time. The court reasoned that, under MCR 3.204(A)(1), because the parenting time issue "was an available relief in the original support action," and the Bay Circuit Court "retained jurisdiction for the enforcement and modification of the support order," "any motion regarding parenting time must be filed and heard in Bay County." In a separate opinion and order entered the same day, that court addressed defendant's motion to clarify jurisdiction "over the support/parenting time issues as ancillary matters to the underlying divorce," and determined that, under MCR 3.205(A), both courts "had subject matter jurisdiction over the issue of custody and support of the minor child and the [j]udgment of [d]ivorce is valid . . . ."

*of divorce or of separate maintenance is entered by a court having personal jurisdiction over the parties, an order entered under this act is null and void upon the effective date of the judgment.* [Emphasis added.]

Defendant argues that the Bay Circuit Court maintained exclusive jurisdiction over the child-custody issues, and that jurisdiction circumscribed the Gladwin Circuit Court's authority to issue orders concerning those issues. However, the express language of MCL 552.455 provides that any subsequent judgment of divorce renders null and void any previous order entered under the Family Support Act if the court issuing the judgment of divorce exercised personal jurisdiction over the parties involved. *Seybold v Seybold*, 99 Mich App 94, 96; 298 NW2d 4 (1980). This also holds true under the court rules, as MCR 3.205 provides that a prior order remains in effect until it is superseded by a subsequent order entered by a court also having jurisdiction of the minor:

> **(A) Jurisdiction.** If an order or judgment has provided for continuing jurisdiction of a minor and proceedings are commenced in another Michigan court having separate jurisdictional grounds for an action affecting that minor, a waiver or transfer of jurisdiction is not required for the full and valid exercise of jurisdiction by the subsequent court.

> \* \* \*

> **(C) Prior Orders.**

> (1) Each provision of a prior order remains in effect until the provision is superseded, changed, or terminated by a subsequent order.

> (2) A subsequent court must give due consideration to prior continuing orders of other courts, and may not enter orders contrary to or inconsistent with such orders, except as provided by law. . . .

Under the clear terms of MCL 552.455, once the Gladwin judgment of divorce became effective, the prior family support order from Bay Circuit Court became null and void. Because it no longer had an order in place, the Bay Circuit Court properly closed the case and denied defendant's motion for parenting time. At that point, the motion was proper in Gladwin Circuit Court. See MCL 552.17(1) (a trial court "may revise and alter a judgment concerning the care, custody, maintenance, and support of some or all of the children, as the circumstances of the parents and the benefit of the children require" after "entry of a judgment concerning annulment, divorce, or separate maintenance and on the petition of either parent"). Nothing remained for the Bay Circuit Court to perform.[3]

---

[3] *Mol* does not control as the facts are not entirely on point with this matter. At the time defendant filed his divorce complaint, there were orders regarding custody and child support in Bay Circuit Court. However, because the action in the Bay County was not one for separate maintenance, MCL 552.7(1), or derived from a divorce complaint, MCL 552.6(1), and instead originated from

-3-

## III. CONCLUSION

The Bay Circuit Court did not err by denying defendant's custody/parenting time motion and directing him to file motions in the Gladwin Circuit Court because it lost jurisdiction once the Gladwin Circuit Court entered the judgment of divorce. Because the Bay Circuit Court correctly applied MCL 552.455 to deny defendant's motion and dismiss the case, we need not address defendant's other arguments related to proceedings in Bay County. To the extent defendant wishes to address parenting time in the future, he must proceed in the divorce case in Gladwin County through a proper postdivorce judgment motion, see MCL 552.17; MCL 722.27(1)(c); MCL 722.27a.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica

---

a complaint for child support under the Family Support Act, the holding in *Mol* does not squarely apply. Further, while the child-custody issues in *Mol* were "already pending in the Ottawa County separate-maintenance case" in *Mol*, ___ Mich App at ___; slip op at 5, here, the judgment of support issued in Bay County "resolve[d] the last pending claim" before defendant filed for divorce in Gladwin County, and once the divorce judgment was entered, by law the Bay orders were superseded. Likewise, MCR 3.204(A)(1) does not apply because the Bay Circuit Court no longer had jurisdiction under the Family Support Act given the commands of MCL 552.455.